Pennington, J.
— At the trial, considering the actual time of suing out the writ, the point in issue, 1 inclined to think, that parol testimony as to that fact, was inadmissible; in the hurry of a trial not attending minutely to. the state of the pleadings; but as there was some nicety in the question, I thought it best, at the request of the counsel for the defendant,' to reserve [^] the point. On a more deliberate consideration of the subject, I am of opinion, that under the state of pleadings in this cause, parol testimony was not admissible to prove the time of sueing out the writ; and that the teste of the writ was the proper evidence, and that this could only be shewn by the production of the writ itself. The teste of the writ, in all ordinary cases, is the evidence of the time of sueing it out. But in case the writ is sued out in vacation, and that fact becomes material, and is put in issue, as it may be done; in that case, the fact may be proved by parol, Johnson v. Smith, 2 Bur. 950. Also in case the question arises collaterally on trial, as in case of *721 Wambough v. Schenck, State Rep. 229. Then how is the case before us? The plaintiff declared for words spoken* The defendant pleaded that the words were not spoken within two years next before the suing oht of the capias ad respondendum in this cause. The plaintiff replied, that they were. It was not material to the plaintiff to show that the writ was sued out in vacation; it was enough for him to produce the writ, the teste of which, would fix the time. If it had been material to the plaintiff to have shown that the writ was sued out in vacation, he ought to have averred that fact in his replication, and named the day; and in case the defendant in his rejoinder, had put this fact in issue, then the plaintiff could have given parol evidence of the actual time of taking out the writ, Buller N. P. 149. Gould’s lisp. 293. The question in Johnson v. Smith, befor'e cited, was, whether the defendant, being a party on the record, could aver the actual time of suing out the writ,- it being contended that he was estopped by the teste, the Court very correctly decided that he could; but as well in that case as in others, the fact was averred on the record. P. Ray. 161. And the precedents of pleadings, on the statute of limitations, are in accordance. For the foregoing reasons, we are all of opinion, that the defendant is entitled to judgment of nonsuit.
Judgment of nonsuit.